IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL SIMPSON                                                                    PLAINTIFF

v.                    Civil No. 5:25-cv-05009-TLB-CDC

ARKANSAS DEPARTMENT OF CORRECTIONS                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.    DISCUSSION

Plaintiff filed this case on January 16, 2025. (ECF No. 1). Because he failed to utilize the Court's approved section 1983 complaint form, Plaintiff was directed to file an Amended Complaint by February 7, 2025. (ECF No. 2). Plaintiff was also directed to submit a complete application to proceed *in forma pauperis* (IFP) or pay the $405 filing fee by February 7, 2025. *Id.* Plaintiff was advised that failure to comply with the Order would result in the dismissal of the case. *Id.*

The Court received return mail on January 29, 2025, January 31, 2025, and February 6, 2025. (ECF No. 4, 6, & 7). However, all mail was recent to Plaintiff's updated address. (ECF No. 5).

1

Plaintiff did not file the Amended Complaint, an IFP application, or pay the filing fee. To ensure procedural fairness, a Show Cause Order was entered on February 11, 2025. (ECF No. 9). Plaintiff was given until March 4, 2025, to show cause why he had failed to obey the Orders of the Court. *Id.* Plaintiff was advised that failure to respond to the Order "shall" subject the case to dismissal. *Id.* The Show Cause Order was not returned as undeliverable. Plaintiff has not responded to the Court's Orders. (ECF No. 2 & 9). In each Order Plaintiff was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, it is recommended that pursuant to Rule 41(b), the Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**Status of Referral:** The referral terminates upon the filing of this Report and Recommendation.

**RECOMMENDED** this 11th day of March 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE